# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 10-CR-30163-MJR ) |
| FREDDIE B. BAKER (Inmate # 04019-025), | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER
## REGARDING MOTION TO REDUCE SENTENCE

REAGAN, District Judge:

In March 2011, Freddie B. Baker was sentenced in this Court to 140 months in prison on Count 1 of an indictment charging him with distribution of cocaine base. On October 25, 2011, Defendant Baker filed a pro se motion seeking to reduce his sentence based on the United States Sentencing Commission's promulgation of amendments to the Sentencing Guidelines, following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010). That Act required the Guidelines to be brought into conformity with substantive provisions reducing the criminal penalties for certain crack cocaine offenses.

By Orders dated February 16 and 17, 2012, (Docs. 26, 27), this Court appointed the Federal Public Defender's Office to represent Defendant Baker on this motion. Attorney Todd M. Schultz of the FPD's Office formally entered his appearance on Baker's behalf on February 23, 2012 (Doc. 28).

On March 15, 2012, Mr. Schultz moved to withdraw from the case (i.e., cease his representation of Defendant on this motion), having "determined that the Defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendment

1

to the crack cocaine sentencing guideline" (Doc. 29). A copy of the motion was provided to Defendant by Mr. Schultz. The motion states as follows (Doc. 29, pp. 1-2):

> 4. When the Defendant was sentenced, his relevant conduct was determined to be at least 3.5 kilograms but less than 5 kilograms of cocaine hydrochloride. *See* PSR ¶¶ 10 & 16. The Defendant was also determined to be a career offender. *Id*. at ¶¶ 22 & 34. Consequently, the Defendant's guideline range was not based upon the crack cocaine guideline and is unaffected by the application of Amendment 750.
>
> 5. United States Probation Officer Fletcher has also concluded that the Defendant is ineligible for a reduction because his relevant conduct was based upon cocaine hydrochloride, as the crack cocaine attributed to him was insignificant and not used in determining his guideline range, and he was determined by the Court to be a career offender.

Simply put, Schultz asks the Court to let him out of the case because (a) his research discloses that Baker is *not eligible* for the reduction at issue, and (b) Schultz cannot find any valid (non-frivolous) reason on which to move forward with Defendant's motion to reduce sentence.

On April 10, 2012, the Court directed Defendant Baker to file a "Response" showing cause why the undersigned Judge should not grant attorney Schultz's motion to withdraw (Doc. 29) and deny Baker's pro se motion to reduce sentence. To date, no response has been filed by Defendant Baker.

Having carefully reviewed the record before it, the undersigned Judge concludes that Defendant's advisory guideline range remains the same after the retroactive amendments in question. More to the point, Defendant Baker's sentence was not based on crack cocaine, so the amended crack cocaine sentencing guideline is inapplicable. Defendant is not eligible for a sentence reduction under § 3582. As the Seventh Circuit Court of Appeals held in *United States v. Taylor*, 627 F.3d 674 (7th Cir. 2010), relief under § 3582(c)(2) "is not available when a

retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" 627 F.3d at 676.

For the above-stated reasons, the Court concludes that Mr. Schultz is entitled to withdraw as defense counsel, and Defendant Baker is not eligible for relief under § 3582(c)(2). Accordingly, the Court **GRANTS** Todd Schultz's motion to withdraw (Doc. 29) and **DENIES** Defendant Baker's *pro se* motion for sentence reduction under 18 U.S.C. § 3582 (Doc. 25).

The Clerk of Court shall mail a copy of this Order to Defendant Baker.

**IT IS SO ORDERED.**

**DATED: May 18, 2012**

                                  <u>s/ *Michael J. Reagan*</u>
                                  **MICHAEL J. REAGAN**
                                  **UNITED STATES DISTRICT JUDGE**